ANTOINETTE M. TEASE, P.L.L.C.
Antoinette M. Tease (Bar # 4330)
175 N. 27th St., Ste. 1206
Billings, Montana 59101
Telephone:  (406) 294-9000
Facsimile:  (406) 294-9002
Email:  toni@teaselaw.com

Attorney for Plaintiff
TREBRO MANUFACTURING, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| TREBRO MANUFACTURING, INC., a Montana corporation, | Case No. _____ |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| FIREFLY EQUIPMENT, LLC, a Utah limited liability company, and STEVEN R. APOSHIAN, | |
| Defendants. | |

Plaintiff Trebro Manufacturing, Inc. ("Trebro" or "Plaintiff"), for its

Complaint against defendants FireFly Equipment, LLC ("FireFly") and

Steven R. Aposhian ("Aposhian") (collectively, "Defendants"), alleges as

follows:

### I. PARTIES

1.     Plaintiff is a Montana corporation with its principal place of

business at 6840 South Frontage Road, Billings, Montana 59101.

2.      Upon information and belief, Firefly is a Utah limited liability company with its principal place of business at 1465 North 1580 West, Farmington, Utah 84025.  Upon information and belief, FireFly is doing business in this state and generally throughout the United States by the sale and distribution of its products.

3.      Upon information and belief, Aposhian is an individual residing in Farmington, Utah.  Upon information and belief, Aposhian is the owner of FireFly.

## II.  JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 and 281 *et seq.*, and for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is conferred by 28 U.S.C. § 1391(b) and (c) and 1400(b).

## III.  GENERAL ALLEGATIONS

7.    Trebro is in the business of manufacturing and selling turf harvesting equipment and parts therefor.

8.    U.S. Patent No. 8,336,638 entitled "Method and Apparatus for Harvesting and Picking Up Sod" issued on December 25, 2012.  A copy of the '638 patent is attached hereto as Exhibit A.

9.    U.S. Patent No. 7,721,814 entitled "Method and Apparatus for Harvesting and Picking Up Sod" issued on May 25, 2010.  A copy of the '814 patent is attached hereto as Exhibit B.

10.    Trebro is the owner of all right, title and interest in and to the '638 and '814 patents (collectively, the "Patents").  Trebro entered into a Patent License and Assignment Agreement with 1045929 Ontario Limited, the previous owner of the Patents, on March 12, 2013.  The assignments of the '638 and '814 patents from 1045929 Ontario Limited to Trebro were recorded with the U.S. Patent and Trademark Office on March 13, 2013.

11.    Aposhian was an employee of Trebro from February 1, 2006 to August 30, 2007.  During this time, he worked as a Mechanical and Software Engineer in the Research and Development Department.  His

salary was one hundred thirty thousand dollars ($130,000.00) per year. He left Trebro in August of 2007 to move back to Utah.

12. During his employment with Trebro, Aposhian wrote the code for a computer program called "AutoSlab" (the "Program"). Because Aposhian was an employee of Trebro when he wrote the Program, and the writing of the Program was within the scope of his employment, the Program is a work made for hire under 17 U.S.C. § 101. Trebro has registered the Program with the U.S. Copyright Office (Reg. No. TX 7-610-434) (the "Copyright"). The registration has an effective date of April 26, 2010. A copy of the Certificate of Registration is attached hereto as Exhibit C.

13. When Aposhian left Trebro in August of 2007, he took with him a laptop computer belonging to Trebro. Upon information and belief, at least one copy of the Program resided on this computer. Upon information and belief, this was the same computer Aposhian used to write the software for the Program.

14. Upon information and belief, Aposhian founded FireFly on or about January 7, 2010. FireFly is in the business of manufacturing and

selling turf harvesting equipment and parts therefor. FireFly is a direct competitor of Trebro.

15.    Upon information and belief, Firefly delivered the first ProSlab 150 sod harvester in February of 2013. Attached as Exhibit D is a copy of the home page of FireFly's website announcing the "new" ProSlab 150 sod harvester.

16.    Upon information and belief, FireFly has sold one or more ProSlab 150 harvesters to Horizon Turf Grass Inc. in Wharton, Texas. Upon information and belief, this machine infringes the Patents and the Copyright.

17.    Upon information and belief, Defendants have manufactured or are in the process of manufacturing and have sold or intent to sell a number of other machines that infringe the Patents and the Copyright.

18.    At no time did Trebro authorize FireFly or Aposhian to use, reproduce or distribute the Program or to sell any equipment or machine on which the Program had been installed.

19.    Upon information and belief, Defendants have infringed and continue to infringe the Patents by making, using, selling and/or offering for

sale in the United States and/or importing into the United States products that infringe the Patents.

20.     Upon information and belief, Defendants have infringed and continue to infringe the Copyright by making unauthorized copies of the Program and installing it on machines sold by FireFly.

21.     Upon information and belief, FireFly will continue to infringe the Patents and the Copyright until and unless it is enjoined by this Court.

## IV.  CAUSES OF ACTION

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,823,597
### 35 U.S.C. § 271 *et seq.*

22.     Plaintiff realleges and incorporates by reference the allegations set forth in all previous paragraphs set forth above, as if fully set forth herein.

23.     Defendant has infringed and continues to infringe the '597 patent by, among other things, making, using, selling and/or offering to sell in the United States and/or importing into the United States products that are covered by one or more claims of the '597 patent.

24.     Defendant's infringing conduct has caused and continues to cause irreparable injury to Plaintiff, and as such, the Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25.     Defendant's infringing conduct is both willful and deliberate, and as such, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

COUNT II
INFRINGEMENT OF U.S. PATENT NO. 7,721,814
35 U.S.C. § 271 *et seq.*

26.     Plaintiff realleges and incorporates by reference the allegations set forth in all previous paragraphs set forth above, as if fully set forth herein.

27.     Defendant has infringed and continues to infringe the '814 patent by, among other things, making, using, selling and/or offering to sell in the United States and/or importing into the United States products that are covered by one or more claims of the '814 patent.

28.     Defendant's infringing conduct has caused and continues to cause irreparable injury to Plaintiff, and as such, the Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29. Defendant's infringing conduct is both willful and deliberate, and as such, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

## COUNT III
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

30. Plaintiff realleges and incorporates by reference the allegations set forth in all previous paragraphs set forth above, as if fully set forth herein.

31. Defendants' conduct in making, using and selling unauthorized copies of the Program in connection with sod harvesting machines sold and offered for sale by FireFly is in violation of 17 U.S.C. § 106.

32. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

33. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

34.    Plaintiff further is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

35.    Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of the Copyright and violation of Plaintiff's exclusive rights under the Copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For a judgment declaring that Defendants have infringed the Patents.

2.    For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of the Patents, together with interest and costs, and in no event less than a reasonable royalty;

3.    For a judgment declaring that Defendants' infringement of the Patents has been willful and deliberate;

4.      For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the Patents;

5.      For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

6.      For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants from further acts of patent infringement;

7.      For a grant of a preliminary and permanent injunction enjoining Defendants and Firefly's officers, directors, agents and employees, and all persons in active concert or participation with each or any of them, from directly or indirectly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Program, as well as any derivative works of the Program;

8.     For all damages to which Plaintiff may be entitled, including

Defendants' profits, in such amounts as may be found, as a result of

Defendants' infringement of the Copyright;

9.     For an award of Plaintiff's attorneys' fees and costs pursuant to

17 U.S.C. § 505; and

10.     For such other and further relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

Dated this 14th day of March, 2013.

ANTOINETTE M. TEASE, P.L.L.C.

Antoinette M. Tease

ATTORNEY FOR PLAINTIFF