T. Thomas Singer
Axilon Law Group, PLLC
115 North Broadway, Ste. 310
P.O. Box 987
Billings, MT 59103-0987
Telephone (406) 294-9466
Facsimile (406) 294-9468
tsinger@axilonlaw.com

Terry E. Welch (*Admitted Pro Hac Vice*)
Timothy B. Smith (*Admitted Pro Hac Vice*)
Parr Brown Gee & Loveless, P.C.
185 South State Street, Suite 800
Salt Lake City, UT 84111
Telephone (801) 532-7840
Facsimile (801) 532-7750
twelch@parrbrown.com
tsmith@parrbrown.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TREBRO MANUFACTURING, INC., a Montana Corporation,<br><br>         Plaintiff/Counterclaim<br>         Defendant,<br><br>v.<br><br>FIREFLY EQUIPMENT, LLC, a Utah limited liability company, and STEVEN R. APOSHIAN,<br><br>         Defendants/<br>         Counterclaimant. | Case No. 1:13-cv-00036-SEH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

For its Answer to the First Amended Complaint ("Complaint") of Plaintiff Trebro Manufacturing, Inc. ("Trebro"), Defendants FireFly Equipment, LLC ("FireFly") and Steven R. Aposhian ("Aposhian") (collectively, "Defendants") through their undersigned attorneys, answer as follows:

## PARTIES

II.     Responding to the allegations contained in Paragraph II of the Complaint, Defendants are without knowledge as to the allegations contained in Paragraph II and on that basis deny generally and specifically each and every allegation contained in Paragraph II of the Complaint.

1.     Responding to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that FireFly is a Utah limited liability company with its principal place of business in Farmington, Utah and deny generally and specifically each and every remaining allegation contained in Paragraph 1 of the Complaint.

2.     Responding to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that Aposhian resides in Farmington, Utah and deny generally and specifically each and every remaining allegation contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Responding to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that this is a case arising under the patent and

copyright laws of the United States and deny generally and specifically each and every remaining allegation contained in Paragraph 3 of the Complaint.

4.  Responding to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that the Court has subject matter jurisdiction over claims arising under the patent and copyright laws of the United States and deny generally and specifically each and every remaining allegation contained in Paragraph 4 of the Complaint.

5.  Responding to the allegations contained in Paragraph 5 of the Complaint, Defendants affirmatively state that Paragraph 5 contains legal conclusions and no response is required.  To the extent a response is required, Defendants deny generally and specifically each and every allegation contained in Paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6.  Responding to the allegations contained in Paragraph 6 of the Complaint, Defendants are without knowledge as to the allegations contained in Paragraph 6 and on that basis deny generally and specifically each and every allegation contained in Paragraph 6 of the Complaint.

7.  Responding to the allegations contained in Paragraph 7 of the Complaint, Defendants state that U.S. Pat. No. 8,336,638 speaks for itself and deny generally and specifically each and every remaining allegation contained in Paragraph 7 of the Complaint.

8. Responding to the allegations contained in Paragraph 8 of the Complaint, Defendants state that U.S. Pat. No. 7,721,814 speaks for itself and deny generally and specifically each and every remaining allegation contained in Paragraph 8 of the Complaint.

9. Responding to the allegations contained in Paragraph 9 of the Complaint, Defendants are without knowledge as to the allegations contained in Paragraph 9 and on that basis deny generally and specifically each and every allegation contained in Paragraph 9 of the Complaint.

10. Responding to the allegations contained in Paragraph 10 of the Complaint, Aposhian admits that he was employed by Trebro from approximately February 2006 to August 2007 as a software engineer and that his salary was $130,000 per year and denies generally and specifically each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Responding to the allegations contained in Paragraph 11 of the Complaint, Aposhian admits that he wrote the code for a computer program called Autoslab using National Instruments LabVIEW software, states that the copyright registration speaks for itself and denies generally and specifically each and every remaining allegation contained in Paragraph 11 of the Complaint.

12. Responding to the allegations contained in Paragraph 12 of the Complaint, Aposhian admits that, at Trebro's request, he took a Trebro laptop with the AutoSlab software on it when he left Trebro's employment in order to be able

to provide support to Trebro for the AutoSlab software, states that he returned the laptop and all copies of the AutoSlab software in 2008 when he stopped providing support to Trebro and denies general and specifically each and every remaining allegation contained in Paragraph 12 of the Complaint.

13. Responding to the allegations contained in Paragraph 13 of the Complaint, Defendants admit that FireFly was founded in January 2010 and is in the business of manufacturing automated sod harvesters and parts therefor and deny generally and specifically each and every remaining allegation contained in Paragraph 13 of the Complaint.

14. Responding to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that FireFly delivered the first ProSlab 150 in February 2013, state that the document attached as Exhibit D to the Complaint speaks for itself and deny generally and specifically each and every remaining allegation contained in Paragraph 14 of the Complaint.

15. Responding to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that FireFly sold a ProSlab 150 to Horizon Turf Grass Inc. and deny generally and specifically each and every remaining allegation contained in Paragraph 15 of the Complaint.

16. Responding to the allegations contained in Paragraph 16 of the Complaint, Defendants admit that they have manufactured other ProSlab 150 sod

harvesters and intend to manufacture more and deny generally and specifically each and every allegation contained in Paragraph 16 of the Complaint.

17. Responding to the allegations contained in Paragraph 17 of the Complaint, Defendants deny that any AutoSlab software has been installed on any FireFly equipment and deny generally and specifically each and every remaining allegation contained in Paragraph 17 of the Complaint.

18. Responding to the allegations contained in Paragraph 18 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 18 of the Complaint.

19. Responding to the allegations contained in Paragraph 19 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 19 of the Complaint.

20. Responding to the allegations contained in Paragraph 20 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 20 of the Complaint.

## COUNT I

21. Defendants incorporate herein by this reference each and every one of their responses to Paragraphs 1 thru 20 above.

22. Responding to the allegations contained in Paragraph 22 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 22 of the Complaint.

23. Responding to the allegations contained in Paragraph 23 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 23 of the Complaint.

24. Responding to the allegations contained in Paragraph 24 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 24 of the Complaint.

## COUNT II

25. Defendants incorporate herein by this reference each and every one of their responses to Paragraphs 1 thru 24 above.

26. Responding to the allegations contained in Paragraph 26 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 26 of the Complaint.

27. Responding to the allegations contained in Paragraph 27 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 27 of the Complaint.

28. Responding to the allegations contained in Paragraph 28 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 28 of the Complaint.

## COUNT III

29. Defendants incorporate herein by this reference each and every one of their responses to Paragraphs 1 thru 28 above.

30. Responding to the allegations contained in Paragraph 30 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 30 of the Complaint.

31. Responding to the allegations contained in Paragraph 31 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 31 of the Complaint.

32. Responding to the allegations contained in Paragraph 32 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 32 of the Complaint.

33. Responding to the allegations contained in Paragraph 33 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 33 of the Complaint.

34. Responding to the allegations contained in Paragraph 34 of the Complaint, Defendants deny generally and specifically each and every allegation contained in Paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Except as expressly admitted hereinabove, Defendants deny generally and specifically each and every allegation set forth in the Complaint.

4824-4485-0455

## SECOND AFFIRMATIVE DEFENSE

Trebro's claims are barred in whole or in part because the claims of the '638 Patent are invalid under 35 U.S.C. §§101, 102, 103, and 111.

## THIRD AFFIRMATIVE DEFENSE

Trebro's claims are barred in whole or in part because the claims of the '814 Patent are invalid under 35 U.S.C. §§101, 102, 103, and 111.

## FOURTH AFFIRMATIVE DEFENSE

The '638 Patent is unenforceable because of the patent applicant's failure to disclose all non-cumulative, material prior art of which it was aware to the U.S. Patent Office during the prosecution of the '638 Patent.

## FIFTH AFFIRMATIVE DEFENSE

The '814 Patent is unenforceable because of the patent applicant's failure to disclose all non-cumulative, material prior art of which it was aware to the U.S. Patent Office during the prosecution of the '814 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Trebro's claims are barred in whole or in part because of Trebro's misuse of the '638 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

Trebro's claims are barred in whole or in part because of Trebro's misuse of the '814 Patent.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's alleged claims asserted in the Complaint are barred by the doctrines of waiver, estoppel and/or laches.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's alleged claims are barred by its failure to mitigate any alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's alleged claims are barred by the applicable statutes of limitations and/or statutes of repose.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's claims are barred because Trebro's own acts or omissions were the sole proximate cause, or substantial proximate cause, of its damage.

**TWELFTH AFFIRMATIVE DEFENSE**

Some or all of the conduct of which Trebro complains is privileged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's alleged claims are barred by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Some or all of Trebro's alleged claims are barred because the damages complained of, if any, were proximately caused by acts or omissions, negligence,

10

or intentional acts by third parties over whom Defendants had no control or right of control, or if Defendants had any right of control, were acting beyond the scope of any relationship with Defendants, or such damages were caused by conditions or events over which Defendants had no control or right of control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Trebro has misused its patents with anticompetitive effect.

### SIXTEENTH DEFENSE

Defendants are entitled to a set off of their claims against the claims, if any, of Trebro.

### SEVENTEENTH DEFENSE

Trebro's claims are wholly or partially barred by the doctrine of the law of the case and by the previous Orders and findings of this Court.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Defendants pray for judgment against Trebro and in favor of Defendants as follows:

(1) Denying Trebro any relief whatsoever on its claims and dismissing Trebro's Complaint with prejudice;

(2) Declaring that U.S. Patent No. 8,336,638 is not infringed and/or is invalid;

(3) Declaring that U.S. Patent No. 7,721,814 is not infringed and/or is invalid;

(4) Declaring that U.S. Patent No. 8,336,638 is unenforceable due to inequitable conduct;

(5) Declaring that U.S. Patent No. 7,721,814 is unenforceable due to inequitable conduct;

(6) Declaring that Defendants have not infringed any copyright owned by Trebro;

(7) Awarding Defendants their attorneys' fees and costs incurred in defending this lawsuit; and

(8) For such other and further relief as the Court deems appropriate.

DATED this 29th day of November, 2013.

    /s/ Timothy B. Smith
Terry E. Welch
Timothy B. Smith
Parr Brown Gee & Loveless, P.C.
185 S. State St., Suite 800
Salt Lake City, Utah 84111

T. Thomas Singer
Axilon Law Group, PLLC
115 North Broadway, Ste. 310
P.O. Box 987
Billings, MT 59103
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served via the Court's CM-ECF electronic case filing system on the 29th day of November, 2013:

Antoinette M. Tease, PLLC
P.O. Box 51016
Billings, MT 59105

Brian Gallik
421 West Mendenhall
P.O. Box 70
Bozeman, MT 59771

        /s/ Timothy B. Smith
        Timothy B. Smith
        Attorneys for Appellee

4824-4485-0455